UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE:

CHRIS MICHAEL MULLEN

CASE NO: 24-31368

**DECLARATION OF MAILING CERTIFICATE OF SERVICE**

Chapter: 13

On 10/10/2024, I did cause a copy of the following documents, described below,

Certificate of Service on Plans

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 10/10/2024

/s/ Cindy L. Graber, Comptroller
Cindy L. Graber, Comptroller

Office of the Chapter 13 Trustee, Tracy L. Updike
PO Box 11550
South Bend, IN 46634-0550
574 254 1313
cindy@southbend13.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| IN RE:<br><br>CHRIS MICHAEL MULLEN | CASE NO: 24-31368<br><br>**CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br><br>Chapter: 13 |

On 10/10/2024, a copy of the following documents, described below,

Certificate of Service on Plans

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 10/10/2024

_____
Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Cindy L. Graber, Comptroller
Office of the Chapter 13 Trustee, Tracy L. Updike
PO Box 11550
South Bend, IN  46634-0550

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| | | |
|---|---|---|
| IRS INSOLVENCY GROUP<br>575 N PENNSYLVANIA ST<br>STOP SB380<br>INDIANAPOLIS IN 46204 | INDIANA DEPT OF REVENUE<br>BANKRUPTCY SECTION N240<br>100 N SENATE AVE<br>INDIANAPOLIS IN 46204 | INDIANA ATTORNEY GENERAL<br>INDIANA GOVERNOR CENTER SOUTH<br>302 W WASHINGTON ST 5TH FLOOR<br>INDIANAPOLIS IN 46204 |
| CASE INFO<br>LABEL MATRIX FOR LOCAL NOTICING<br>07553<br>CASE 24-31368-PES<br>NORTHERN DISTRICT OF INDIANA<br>SOUTH BEND DIVISION<br>THU OCT 10 14-28-47 EDT 2024 | LAVITA R BALL<br>GERACI LAW LLC<br>55 EAST MONROE ST SUITE 3400<br>CHICAGO IL 60603-5920 | BLITT  GAINES<br>BANKRUPTCY DEPT<br>775 CORPORATE WOOD PARKWAY<br>VERNON HILLSIL 60061-3112 |
| CAPITAL ONE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 31293<br>SALT LAKE CITYUT 84131-0293 | CAR LOT CREDIT CONNECTION<br>903 N NAPPANEE ST<br>ELKHARTIN 46514-1201 | CHECK SMART<br>15 BULL ST STE 200<br>SAVANNAH GA 31401-2686 |
| CHECK SMART<br>BANKRUPTCY DEPT<br>6785 BOBCAST WAY<br>STE 200<br>DUBLINOH 43016-1443 | CNACIN101<br>ATTN BANKRUPTCY DEPT<br>12802 HAMILTON CROSSING<br>CARMELIN 46032-5424 | CREDIT ACCEPTANCE CORP<br>ATTN BANKRUPTCY DEPT<br>PO BOX 513<br>SOUTHFIELDMI 48037-0513 |
| CREDIT ACCEPTANCE CORPORATION<br>25505 WEST 12 MILE RD SUITE 3000<br>SOUTHFIELD MI 48034-8331 | ELKHART SUPERIOR COURT 5<br>BANKRUPTCY DEPT<br>315 SOUTH SECOND STREET<br>ELKHARTIN 46516-3105 | (P)EQUIFAX INC<br>1550 PEACHTREE STREET NE<br>ATLANTA GA 30309 |
| EXPERIAN<br>ATTN BANKRUPTCY DEPT<br>PO BOX 2002<br>ALLENTX 75013-2002 | FIRST PREMIER BANK<br>ATTN BANKRUPTCY DEPT<br>601 S MINNESOTA AVE<br>SIOUX FALLSSD 57104-4868 | NANCY J GARGULA<br>100 EAST WAYNE STREET 5TH FLOOR<br>SOUTH BEND IN 46601-2349 |
| GFS II LLC<br>ATTN BANKRUPTCY DEPT<br>999 S WASHINGTON AVE<br>SAGINAWMI 48601-2573 | (P)INDIANA DEPARTMENT OF REVENUE<br>ATTN BANKRUPTCY<br>100 N SENATE AVE<br>INDIANAPOLIS IN 46204-2253 | (P)INDIANA DEPARTMENT OF WORKFORCE<br>DEVELOPMEN<br>ATTENTION LILLIAN BAILEY<br>10 N SENATE AVENUE SE109<br>INDIANAPOLIS IN 46204-2201 |
| INTERNAL REVENUE SERVICE<br>P O BOX 7346<br>PHILADELPHIA PA 19101-7346 | (P)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | JENNIFER MULLEN<br>53586 COUNTY RD 27<br>LOT 134<br>BRISTOLIN 46507-9500 |
| KEN ROCK INC<br>51946 CR 109<br>ELKHARTIN 46514-5942 | KRISOR  ASSOCIATES<br>BANKRUPTCY DEPT<br>PO BOX 6200<br>SOUTH BENDIN 46660-6200 | MIDLAND CREDIT MANAGEM<br>ATTN BANKRUPTCY DEPT<br>320 E BIG BEAVER RD STE<br>TROYMI 48083-1271 |

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

DEBTOR

CHRIS MICHAEL MULLEN
1617 PHEASANT RUN
MISHAWAKA IN 46544-5810

ONE ADVANTAGE LLC
BANKRUPTCY DEPT
7789 NW 48TH ST STE 330
DORAL FL 33166-5458

JONATHAN D PARKER
GERACI LAW LLC
55 EAST MONROE ST SUITE 3400
CHICAGO IL 60603-5920

(P)ST JOSEPH COUNTY TREASURERS OFFICE
ATTN DAWN MATHEWS
227 W JEFFERSON BLVD
SOUTH BEND IN 46601-1830

TRANSUNION
ATTN BANKRUPTCY DEPT
PO BOX 1000
CHESTER PA 19016-1000

~~EXCLUDE~~
~~TRACY L UPDIKE~~
~~OFFICE OF THE CHAPTER 13 TRUSTEE~~
~~PO BOX 11550~~
~~SOUTH BEND IN 46634-0550~~

# UNITED STATES BANKRUPTCY COURT
## Northern District of Indiana
## South Bend Division

| | |
|---|---|
| In Re: Debtor(s) (name(s) and address)<br>Chris Michael Mullen<br>xxx−xx−6561<br>1617 Pheasant Run<br>Mishawaka, IN 46544 | )<br>)<br>)<br>) Case Number: 24−31368−pes<br>)<br>)<br>)<br>)<br>)<br>)<br>) Chapter: 13<br>)<br>)<br>)<br>)<br>) |

## ORDER FIXING TIME TO OBJECT TO CONFIRMATION
## OF CHAPTER 13 PLAN AND NOTICE OF HEARING

The debtor(s) filed a Chapter 13 plan on October 3, 2024 .

IT IS ORDERED AND NOTICE IS GIVEN THAT:

    1.   **Any objections to confirmation of the proposed plan must be filed no later than fourteen (14) days prior to the confirmation hearing scheduled below.** Objections should be filed with the Clerk of the United States Bankruptcy Court, 401 South Michigan Street, South Bend, Indiana 46601

    2.   **The court will hold a hearing on December 19, 2024 at 10:00 AM** , or as soon thereafter as the matter can be heard, in the Robert K. Rodibaugh United States Bankruptcy Courthouse, 401 South Michigan Street, South Bend, Indiana 46601, **to consider confirmation of the proposed plan and any objections thereto.** This hearing has been scheduled on the court's miscellaneous calendar and the court will not be prepared to receive evidence concerning any factual disputes. Counsel for the debtor(s) or debtor(s) if self−represented and any objectors will, nonetheless, be expected to appear. (If the plan has not been objected to, amended or modified in some way, only the Trustee needs to appear for this hearing.) Any objections to confirmation that cannot be disposed of at the hearing based upon the undisputed facts will be scheduled for such further proceedings as may be appropriate.

    3.   No later than twenty−one (21) days before the last day for filing objections to confirmation, the Chapter 13 Trustee shall serve a copy of this order, along with a copy of the original plan, upon all creditors and parties in interest and make due proof thereof.  If any creditor or party in interest is entitled to service of the plan in the manner provided by Rule 7004, see e.g., Fed. R. Bankr. P. Rules 3012(b); 4003(d); 7004, it shall be the debtor(s)' responsibility to serve the plan in the required manner and make due proof thereof.

      4.   In order to avoid delaying confirmation, any modifications or amendments to plan should be promptly filed and served. ***The moving party shall be responsible for serving any modifications or amendments, as well as the court's order and notice on confirmation hearing.*** Modifications and amendments which are filed and served upon all creditors and parties in interest ***at least 21 days prior to the last day for filing objections to confirmation*** will become part of the proposed plan and will be considered at the scheduled confirmation hearing without further notice.

      5.   If confirmation is denied because of the debtor(s)' failure to fulfill duties imposed by the Bankruptcy Code and rules of procedure, such as the duty to provide the trustee with required information or documentation or to commence making the required plan payments, the court may dismiss the case without further notice or hearing.

Dated: October 9, 2024

                                                                              Paul E. Singleton
                                                                              _____
                                                                              Judge, United States Bankruptcy Court

# Notice Recipients

District/Off: 0755−3　　　　User: admin　　　　Date Created: 10/9/2024
Case: 24−31368−pes　　　　Form ID: 657　　　　Total: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db　　　Chris Michael Mullen　　　1617 Pheasant Run　　　Mishawaka, IN 46544

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 1

**Fill in this information to identify your case:**

Debtor 1  Chris       Michael       Mullen
              First Name             Middle Name           Last Name

Debtor 2 _____
(Spouse, if filing) First Name           Middle Name           Last Name

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF INDIANA__

Case Number _____
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

_____
_____

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ■ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtors(s) will make regular payments to the trustee as follows:

$ __375.00__      per _month_ for __36__ months

Insert additional lines if necessary.
If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor 1 | Chris | Michael | Mullen | Case Number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**2.2  Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
   ■ Debtor(s) will make payments pursuant to a payroll deduction order.
   ☐ Debtor(s) will make payments directly to the trustee.
   ☐ Other (specify method of payment):_____.

**2.3  Income tax refunds**

*Check one.*
   ☐ Debtor(s) will retain any income tax refunds received during the plan term.
   ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
   ■ Debtor(s) will treat income tax refunds as follows:
   <u>Debtor(s) will turn over copies of federal and state income tax returns each year of the Plan to the Trustee. Debtor(s) will pay, into the Plan, tax refunds in excess of $1,415.04.</u>

**2.4  Additional payments.**

*Check one.*
   ■ **None**. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5  The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ _____13,500.00_____.**

| **Part 3:** | **Treatment of Secured Claims** |
|---|---|

**3.1  Maintenance of payments and cure of default, if any.**

*Check one.*
   ■ **None**. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2  Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*
   ■ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
   ■ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4  Lien avoidance.**

*Check one.*
   ■ **None**. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5  Surrender of collateral.**

*Check one.*
   ■ **None**. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| **Part 4:** | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1  General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be __6.10__ % of plan payments; and during the plan term, they are estimated to total $__823.50__.

**4.3  Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $_____4,000.00__.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
   ■ **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

| Debtor 1 | Chris | Michael | Mullen | Case Number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 0.00_____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims. Check one.**

☒ None. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☒ plan confirmation.
☐ entry of discharge.
☐ other: _____.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

Payment to Debtors' counsel in the amount of $4,000 is determined to be reasonable for professional services to be rendered in this case. Trustee is authorized to disburse the balance of $4,000 as an administrative expense pursuant to 11 U.S.C. § 503(a).

Unsecured creditors shall receive an amount of money equal to 75.41% of the Debtors' aggregate 2024 state and federal income tax refunds exclusive of earned income credit. Debtor's income tax refunds are prorated and he shall retain an aggregate of $1,415.04 each year.

| Debtor 1 | Chris | Michael | Mullen | Case Number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if must sign below.*

✗ _____
Chris Michael Mullen

Date: 10/01/2024

✗ _____   Date: 10 / 03 /2024
Signature of Attorney for Debtor

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor 1  __Chris_____  __Michael_____  __Mullen_____  Case Number *(if known)* _____
          First Name           Middle Name           Last Name

# Exhibit: Total Amount of Estimated Trustee Payments

*The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.*

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $ 0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $ 0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $ 0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $ 0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $ 4,823.50 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $ 0.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $ 0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $ 0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $ 0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | $ 0.00 |
| | **Total of lines a through j** | $ 4,823.50 |